David W. Brody, CSB 112373
Nathan R. Berkeley, CSB 263678
Kenneth R. Shemwell, CSB 279832
LAW OFFICES OF DAVID W. BRODY
1350 Columbia Street, Suite 403
San Diego, California 92101
Telephone: (619) 546-9200
Facsimile: (619) 546-9270
E-mail: dbrody@brody-law.com

Attorneys for Plaintiff
LOANME, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION)

| | |
|---|---|
| In Re: | Case No. 2:15-bk-25477-RN |
| BEHZAD NABAVI, | Adversary Case No. _____ |
| Debtor. | Chapter 7 |
| | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. §§ 523(a)(6), (a)(2)(A), and (a)(2)(B)] |
| LOANME, INC., a Nevada corporation, | ASSIGNED FOR ALL PURPOSES TO: HONORABLE RICHARD M. NEITER |
| Plaintiff | |
| vs. | |
| BEHZAD NABAVI, an individual, | |
| Defendant | |

Plaintiff LOANME, INC., a Nevada corporation ("Plaintiff") complains and alleges as follows:

## JURISDICTION

1. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157.

## VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

3. At all times herein mentioned, Plaintiff was and is a Nevada corporation, licensed to conduct business in the State of California.

4. On October 7, 2015, Debtor BEHZAD NABAVI ("Defendant") filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code, in the Central District of California, Los Angeles Division, Case No. 2:15-bk-25477-RN

## FACTUAL SUMMARY

### Loan History

5. On or about June 4, 2015, the Defendant executed a Loan Application ("Application") with Plaintiff wherein the Defendant requested an unsecured loan from Plaintiff in the principal amount of $5,400.00.

6. In the Application, the Defendant represented that he was earning $11,698.00 per month as the owner of Chandiz Commercial Co., LLC, a California limited liability company ("Company").

7. On or about June 5, 2015, the Defendant executed a Promissory Note and Disclosure Statement (the "Note") in favor of Plaintiff wherein Plaintiff agreed to loan the principal amount of $5,400.00 to the Defendant. The Note required the Defendant to make one payment of $379.50 on July 1, 2015. Thereafter, the Note required the Defendant to make monthly payments of principal and interest in the amount of $495.31 commencing August 1, 2015, and continuing monthly for a term of eighty-four (84) months, with a final payment of $64.81 due August 1, 2022. A true and correct copy of the Note is attached hereto as Exhibit "A" and incorporated herein by this reference.

8. On or about September 1, 2015, the Defendant defaulted on the Note by failing to make the monthly payment due on that date and each subsequent month thereafter.

9. As a result of the Defendant's default, there is presently due and owing the principal sum of $5,399.69, plus accrued interest thereon, late charges, and attorneys' fees and costs.

10. The Note provides that the Defendant will pay all costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff in exercising any of its rights or remedies under the Note.

LoanMe v. Nabavi  
Case No. 2:15-25477-RN; Adversary Case No.  
Complaint to Determine the Dischargeability of Debt

2

11. The Defendant filed the instant Chapter 7 petition on October 7, 2015. Schedule F lists the amount due to Plaintiff in the amount of $5,500.00.

<u>Fraudulent Representations Made by the Defendant</u>

12. The Defendant obtained the loan from Plaintiff on June 5, 2015, and filed for bankruptcy approximately three (3) months later on October 7, 2015.

13. In the Application, the Defendant represented that he was earning monthly income of $11,698.00 as the owner of the Company. The Defendant also represented that the Company was still in business. However, Plaintiff is informed and believes that the Company was dissolved in April 2015.

14. Plaintiff is informed and believes that the Defendant was no longer earning any income from the Company and that the Company was defunct at the time he executed the Application on or about June 4, 2015.

15. The Defendant's Schedule I, filed under penalty of perjury on October 7, 2015, lists monthly income of $1,624.00 from retirement/pension.

16. At the §341(a) meeting of creditors, the Defendant stated as follows

    a. The Defendant closed the Company in April 2015;

    b. The Defendant was aware that he could not pay certain debts when he obtained the loan from Plaintiff; and

    c. The Defendant was in default on some liabilities at the time he requested the loan from Plaintiff.

17. Plaintiff is informed and believes that when the Defendant obtained the loan, he knew that he did not intend to repay it.

18. Plaintiff is informed and believes that the Defendant incurred at least $32,000.00 (including Plaintiff's claim) in non-priority unsecured debt from the time he obtained Plaintiff's loan on June 5, 2015 to the time the petition was filed on October 7, 2015.

///

///

///

19. The Defendant's knowledge and intent not to repay the loan is evidenced by: (1) the fact that the loan was obtained approximately three (3) months prior to bankruptcy filing; (2) the fact that the Defendant only made two payments on the loan; (3) the incurrence of substantial non-priority unsecured debt in the months immediately preceding the filing of the petition; (4) the misrepresentations in the Application concerning the Defendant's monthly income; and (5) the misrepresentations in the Application concerning the operation of the Company.

### FIRST CLAIM FOR RELIEF

### 11 U.S.C. § 523(a)(2)(A)

20. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19, inclusive, of its complaint as though fully set forth herein.

21. The Defendant obtained monies from Plaintiff by false pretenses, false representations, and/or actual fraud.

22. In reliance on the Defendant's representations, Plaintiff approved the loan and did in fact loan monies to the Defendant. Plaintiff's reliance was justifiable in light of the representations made by the Defendant.

23. The intentionally-fraudulent acts of the Defendant as described herein were undertaken in a malicious manner justifying an award of punitive damages against the Defendant and in favor of the Plaintiff.

24. Based on the facts alleged herein, Plaintiff requests that the Defendant's obligation to Plaintiff under the Note as identified herein in the principal amount of $5,399.69, plus all accrued interest thereon, attorneys' fees and costs, late charges, and other reasonable charges be found non-dischargeable in its entirety pursuant to 11 U.S.C. § 523 (a)(2)(A).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

## 11 U.S.C. § 523(a)(2)(B)

25. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19, inclusive, of its complaint as though fully set forth herein.

26. The Defendant provided written financial statements to Plaintiff that were materially false respecting the Defendant's financial condition. Plaintiff is informed and believes and thereon alleges that the Defendant overstated assets and/or understated liabilities in the financial statements and loan application.

27. Plaintiff reasonably relied on the Defendant's representations in the financial statements when extending credit to the Defendant.

28. The Defendant published the statements in the financial statements and the Application with the intent to deceive the Plaintiff.

29. The intentionally-fraudulent acts of the Defendant as described herein were undertaken in a malicious manner justifying an award of punitive damages against the Defendant and in favor of the Plaintiff.

30. Based on the facts alleged herein, Plaintiff requests that Defendant's obligation to Plaintiff under the Note in the principal amount of $5,399.69 be found non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) in its entirety, including all interest, other reasonable charges, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF

## 11 U.S.C. §§ 523(a)(6)

31. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19, inclusive, of its complaint as though fully set forth herein.

32. The fraudulent actions of the Defendant caused a willful and malicious injury to the Plaintiff, or the property of Plaintiff.

33. The intentionally fraudulent acts of the Defendant as described herein were undertaken in a malicious manner justifying an award of punitive damages against the Defendant and in favor of the Plaintiff.

1       34.     Based on the facts alleged herein, Plaintiff requests that the Defendant's obligation to Plaintiff under the Note as identified herein in the principal amount of $5,399.69 be found non-dischargeable pursuant to 11 U.S.C. § 523 (a)(6) in its entirety, including all interest, other reasonable charges, attorneys' fees, and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

As to the First Claim for Relief:

1. That Plaintiff's claim against Defendant be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);
2. For damages in the principal amount of $5,399.69 plus interest thereon and other reasonable charges subject to proof at trial;
3. For reasonable attorneys' fees incurred by Plaintiff in the prosecution of this action;
4. For punitive damages.

As to the Second Claim for Relief

5. That Plaintiff's claim against Defendant be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B);
6. For damages in the principal amount of $5,399.69 plus interest thereon and other reasonable charges subject to proof at trial;
7. For reasonable attorneys' fees incurred by Plaintiff in the prosecution of this action;
8. For punitive damages.

As to the Third Claim for Relief

9. That Plaintiff's claim against Defendant be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);
10. For damages in the principal amount of $5,399.69 plus interest thereon and other reasonable charges subject to proof at trial;
11. For reasonable attorneys' fees incurred by Plaintiff in the prosecution of this action;
12. For punitive damages.

/ / /

/ / /

1   <u>As to All Claims for Relief</u>:

2       13.   For costs of suit according to proof.

3       14.   For such other and further relief as this court may deem just and proper.

4   Dated: January 11, 2016                    LAW OFFICES OF DAVID W. BRODY

5                                              By: */s/ David W. Brody*
6                                              David W. Brody
                                               Attorney for Plaintiff LOANME, INC.

7   U:\CLIENT\DELBERT\LOANME\NABAVI\COMPLAINT.wpd

# EXHIBIT "A"

# LOANME, INC. PROMISSORY NOTE AND DISCLOSURE STATEMENT

| Loan No.: XXX5421 | Date of Note: | June 05, 2015 |
| --- | --- | --- |
| | Expected Funding Date: | June 08, 2015 |
| Lender:    LoanMe, Inc. | Borrower: | BEHZAD NABAVI |
| Address:    1900 S. State College Boulevard Suite 300<br>Anaheim, CA 92806 | Address: | 2101 W 25TH ST APT 1<br>SAN PEDRO, CA 90732 |

In this Promissory Note and Disclosure Statement ("Note"), the words "you" and "your" mean the person signing as a borrower. "We," "us,", and "our," mean LoanMe, Inc. and any subsequent holder of this Note.

## TRUTH IN LENDING ACT DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | AMOUNT FINANCED<br>The amount of credit provided to you | TOTAL OF PAYMENTS<br>The amount you will have paid after all payments are made as scheduled |
| --- | --- | --- | --- |
| 115.93 % | $36,925.35 | $5,125.00 | $42,050.35 |

| PAYMENT SCHEDULE |
| --- |
| One payment of $379.50 on July 01, 2015. |
| 84 monthly payments of $495.31 beginning on August 01, 2015. |
| One payment of $64.81 on August 01, 2022. |

**Late Charge:**    If a payment is more than 15 days late, you will be charged $15.00.

**Prepayment:**    If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

## ITEMIZATION OF AMOUNT FINANCED

http://intranet.app.local/LoanAdmin/Application/ViewLoanDocument.aspx?publicLoanId...    10/15/2015

| Amount Financed: | $5,125.00 |
| --- | --- |
| Amount Paid to Borrower Directly: | $5,125.00 |
| Prepaid Finance Charge/Origination Fee: | $275.00 |

*This Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and that the one, true original Note is retained electronically by us. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only.*

FOR VALUE RECEIVED, you promise to pay to the order of LoanMe, Inc., or any subsequent holder of this Note the sum of **$5,400.00**, together with interest calculated at **110.00 %** and any outstanding charges or late fees, until the full amount of this Note is paid.

Your payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule disclosed above is only an estimate and may change in the event you do not make all payments as scheduled.

Your interest is calculated on a 360/360 simple interest basis. This means that interest is calculated by dividing the annual Interest Rate disclosed above by 360, multiplying that number by the outstanding principal balance, and multiplying that number by the number of days the principal balance is outstanding, assuming that each full month is comprised of 30 days.

You may prepay all or any part of the principal at any time without penalty.

You will be subject to a fee of $15 if any payment you make is returned for non-sufficient funds.

You agree that all payments not made within fifteen (15) days of the due date shall be subject to a late fee of $15.00.

The origination fee included in the prepaid finance charge/origination fee disclosed above is fully earned upon loan origination, and is not subject to rebate upon prepayment or acceleration of this Note and is not considered interest.

This Note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

You have previously consented to receive all communications from us, including but not limited to, all required disclosures via electronic mail. This means that all communications from us will be delivered in electronic form.

You understand and agree that we may obtain credit reports on you an ongoing basis as long as this loan remains in effect. You also authorize us to report information concerning your account to credit bureaus.

You understand that, from time to time, we may monitor or record telephone calls between you and us. You hereby consent to have your calls monitored or recorded.

You agree that in the event we need to contact you to discuss your account or the repayment of your loan, we may telephone you at any number, including any cell phone number provided or obtained, and that we may leave an autodialed or prerecorded message or use other technology to make that contact or to communicate to you the status of your account. You may cancel this consent by providing us with notice.

A married or registered domestic partner applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. If we take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

This Agreement encompasses the entire agreement of the parties, and supersedes all previous understandings and agreements between the Parties, whether oral or written. Any modifications to this Agreement must be made in writing and signed by both parties.

If you fail to make any payment due under this Note, we shall have the right, after a 30-day grace period, to declare this Note to be immediately due and payable. If you file for an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code, we shall have the right to declare this Note to be immediately due and payable.

In the event that we are required to employ an attorney at law to collect any amounts due under this Note, you will be required to pay the reasonable fees of such attorney to protect our interest or to take any other action required to collect the amounts due hereunder.

**ARBITRATION PROVISION**

**GOVERNING LAW**. This Note will be governed by the laws of the State of California except to the extent governed by federal law. This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 ("FAA").

**WAIVER OF JURY TRIAL AND ARBITRATION PROVISION**. Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. We have a policy of arbitrating all disputes with customers which cannot be resolved in a small claims tribunal, including the scope and validity of this Arbitration Provision and any right you may have to participate in an alleged class action. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS**:

For purposes of this Waiver of Jury Trial and Arbitration Provision, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision; (b) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to the Loan Agreement, the information you gave us before entering into this Agreement, including the customer information application, and/or any past agreement or agreements between you and us; (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (g) all claims asserted by you individually against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent

company or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by you as a private attorney general, as a representative and member of a class of persons, or in any other representative capacity, against us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by us or related third parties of any non-public personal information about you.

1. You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

2. Except as provided in Paragraph 5 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. **THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.**

3. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org or JAMS (1-800-352-5267) http://www.jamsadr.com. The parties may also agree to select an arbitrator who resides within your federal judicial district who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association, and arbitrate in accordance with such arbitrator's rules. The party receiving notice of arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. If you demand arbitration, you must inform us in your demand of the arbitration organization you have selected or whether you desire to select a local arbitrator. If related third parties or we demand arbitration, you must notify us within twenty (20) days in writing by certified mail return receipt requested of your decision to select an arbitration organization. If you fail to notify us, then we have the right to select an arbitration organization. The parties to such dispute will be governed by the rules and procedures of such arbitration organization applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Arbitration Provision, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

4. Regardless of who demands arbitration, at your request we will pay your portion of the arbitration expenses, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorney's fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the FAA, and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence. The arbitrator may decide, with or without a hearing, any motion that is

substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorney's fees and expenses. If the arbitrator renders a decision or an award in your favor resolving the dispute, we will reimburse you for any Arbitration Fees you have previously paid. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction.

5. All parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal in the county of your residence for disputes within the scope of such tribunal's jurisdiction. Any dispute, which cannot be adjudicated within the jurisdiction of a small claims tribunal, shall be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal shall be resolved by binding arbitration.

6. This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final non-appealable judgment of a court having jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the State of California.

7. This Arbitration Provision is binding upon and benefits you, your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits us, our successors and assigns, and related third parties. This Arbitration Provision continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This Arbitration Provision survives any cancellation, termination, amendment, expiration or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Arbitration Provision is held invalid, the remainder shall remain in effect.

**OPT-OUT PROCESS**

You may choose to opt out of the Arbitration Provision, but only by following the process set-forth below. If you do not wish to be subject to this Arbitration Provision, then you must notify us in writing within sixty (60) calendar days of the date of this Note at the following address: Arbitration Opt-Out, LoanMe, Inc., 1900 S. State College Blvd., Suite 300, Anaheim, CA 92806. Your written notice must include your name, address, account number or social security number and a statement that you wish to opt out of this Arbitration Provision.

| ☑ | YOU CERTIFY THAT YOU HAVE READ AND UNDERSTAND THIS ARBITRATION PROVISION AND AGREE TO BE BOUND TO ITS TERMS. |
|---|---|

**Payments.** You have previously authorized and requested us to initiate an automated clearinghouse or other electronic funds transfer ("EFT") from the bank account identified on your Application (the "Bank Account") to make each payment required hereunder on the day it is due. You also authorize us to initiate an EFT to or from the Bank Account to correct any erroneous payment and, in the event any EFT is unsuccessful, to attempt such payment up to two additional times. You understand that unsuccessful EFTs may result in charges by your bank, and you agree that we are not liable for such charges. We will notify you 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from your regular payment amount. You also authorize us to withdraw funds from your account on additional days throughout the month in the event you are delinquent on your loan payments. Your request and authorization for us to initiate EFTs is entirely voluntary, and you may terminate this authorization by notifying us in writing via fax (844-904-7368) or email (customer.service@LoanMe.com) soon enough to allow us a reasonable opportunity to act on your termination (generally at least three business days in

advance).

By signing this promissory note, you also authorize us to obtain payments from your Bank Account by creating and processing paper checks (each a "Check") in place of initiating any or all of the EFTs described above. Each Check will be in the amount of the payment that would have been initiated as an EFT, and each Check will be deposited by us for processing on or after the same day that the payment would have been initiated as an EFT. We will type your name in the signature line of each Check, and you agree that your typed name constitutes your authorized signature. You acknowledge that an electronic image of each Check may be created and processed as a substitute check pursuant to the Check 21 Act. If you terminate your EFT authorization as described above, this authorization to create Checks will also terminate. You may also cancel by notifying your financial institution orally or in writing at least three business days before the scheduled date of any transfer.

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 86 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**

| | |
|---|---|
| ☑ | YOU CERTIFY THAT NO PERSON HAS PERFORMED ANY ACT AS A BROKER IN CONNECTION WITH THE MAKING OF THIS LOAN. |
| ☑ | YOU CERTIFY THAT YOU HAVE READ AND UNDERSTAND THE AMORTIZATION SCHEDULE ON THIS LOAN. Click <u>here</u> to view. |
| ☑ | **YOU HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND BY ITS TERMS. YOU UNDERSTAND AND AGREE THAT YOUR EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.** |

This Loan Is Made Pursuant To The California Finance Lender Law, Division 9 (commencing with Section 22000) of the Financial Code. **FOR INFORMATION, CONTACT THE DEPARTMENT OF BUSINESS OVERSIGHT, STATE OF CALIFORNIA, LICENSE NO. 603-K061.**